**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

OPTIMUS MSO II INC.,

    Plaintiff,

v.                                                    **NOTICE OF REMOVAL**

SIMPLY HEALTHCARE PLANS, INC.,

    Defendant.

PLEASE TAKE NOTICE THAT defendant Simply Healthcare Plans, Inc. ("Simply Healthcare"), by its undersigned counsel and pursuant to 28 U.S.C. §§ 1442(a)(1), hereby files this Notice to remove this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, and as grounds for removal states as follows:

**INTRODUCTION**

1. Plaintiff Optimus MSO II Inc. ("Plaintiff") filed this action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, on May 11, 2020. *See Optimus MSO II Inc. v. Simply Healthcare Plans, Inc.*, Case No. 2020-14731 CA 44 (Fla. 11th Jud. Cir.). A copy of all process, pleadings, orders, and other papers or exhibits of every kind that have been filed in that action are attached to this Notice as Exhibit A.

2. Simply Healthcare accepted service of the summons and complaint through counsel on June 17, 2020.

3. This case is properly removed pursuant to 28 U.S.C. § 1442(a)(1) because Simply Healthcare has been sued for actions taken as a person acting under a federal officer of the United States.

## STATEMENT OF THE CASE

4. Plaintiff is a privately owned healthcare Third-Party Administrator ("TPA") or Management Service Organization ("MSO"). *See* Complaint, ¶ 7. A TPA or MSO assists doctors and other healthcare professionals with the administrative or nonmedical aspects of a medical practice. *Id*. ¶ 10.

5. According to the Complaint, Plaintiff and Simply Healthcare entered into a Health Plan Primary Care Agreement (the "Agreement") on or about June 1, 2014. *Id*. ¶ 20. Plaintiff alleges that Simply Healthcare entered into the Agreement as a "Plan Sponsor": an entity that contracts with the Centers for Medicare and Medicaid Services ("CMS") to offer health plans to Medicare- and Medicaid-eligible individuals. *Id*. ¶ 16.

6. Plaintiff alleges that Simply Healthcare agreed to certain premium concessions in relation to Medicare "Stop-Loss" protection. Specifically, Plaintiff alleges that Simply Healthcare agreed not to charge Plaintiff any additional premiums for Medicare "Stop-Loss" protection for the first thousand (1,000) of Plaintiff's members. *Id*. ¶ 24. According to the Complaint, Medicare "Stop-Loss" protection reduces the risk that a TPA or MSO, or their medical professional members, would need to repay funds to CMS if the TPA or MSO overestimates the amount of Medicare good and services its members will provide during the year. *Id*. ¶ 26.

7. Plaintiff also alleges that Simply Healthcare is obligated to reimburse Plaintiff, on behalf of the MSO's members, a percentage of Medicare Part D reimbursements received by Simply Healthcare from CMS. *Id*. ¶¶ 48–52.

8. In Count I, Plaintiff asserts a cause of action for breach of contract by Simply Healthcare, alleging that Simply Healthcare improperly withheld payments from Plaintiff and "further committed a material breach of the express contract by virtue of the wrongful and improper termination alleged herein." *Id*. ¶¶ 89–95.

9. In Count II, Plaintiff brings an "action for an Accounting against Simply Healthcare," alleging that Simply Healthcare "engaged in false and misleading activity to wrongfully withhold funds that belong to, and/or are owed to," Plaintiff, including Medicare Part D reimbursements from CMS. *Id*. ¶¶ 96–99.

10. Count III is asserted in the alternative to Count I as an action for fraud. Plaintiff alleges that Simply Healthcare made material misrepresentations as to the Agreement upon which Plaintiff relied and suffered actual and consequential damages. *Id*. ¶¶ 100–105.

11. Through Count IV, Plaintiff brings an action under Florida's Deceptive and Unfair Trade Practices Act, alleging that Simply Healthcare "unlawfully and intentionally engaged in unconscionable, unfair and/or deceptive acts and/or practices in the conduct of a trade or commerce in violation of" the Act. *Id*. ¶¶ 106–111.

12. Lastly, in Count V, Plaintiff alleges tortious inferences by Simply Healthcare with the contracts between Plaintiff and its members. *Id*. ¶¶ 112–117.

## FEDERAL OFFICER REMOVAL STATUTE

13. The federal officer removal statute, 28 U.S.C. § 1442(a)(1), authorizes the removal of an action against "any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." The fundamental purpose of federal officer removal jurisdiction "is to protect the Federal Government from the interference with its 'operations'" by guarding against "State-court proceedings [that] may reflect 'local prejudice' against unpopular federal

laws or federal officials." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (internal citations omitted). "The right of removal 'is made absolute whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court.'" *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). "Moreover, while removal provisions are usually construed narrowly . . . the federal officer provision is not narrow or limited, but instead is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1196 (M.D. Fla. 2006) (quoting *Willingham*, 395 U.S. at 406–07) (internal quotations omitted).

14. To invoke federal officer removal jurisdiction, a party must satisfy four criteria: (i) the party must be a person; (ii) the party must be acting under a federal officer or agency; (iii) the party must be sued for actions under color of such office; and (iv) the party must have a colorable federal defense. *Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014); *see also Magnin*, 91 F.3d at 1427.

15. In this case, all four requirements are satisfied. Simply Healthcare may thus invoke federal officer removal because its actions implicate Simply Healthcare's administration of Medicare and Medicaid plans through one or more contracts with CMS.

16. ***First***, Simply Healthcare meets the "person" requirement because a corporation is a person within the meaning of the federal officer removal statute. *See* 1 U.S.C. § 1 (stating that the word "person" includes a "corporation" for any Act of Congress); *see also Assocs. Rehab. Recovery*, 76 F. Supp. 3d at 1391 ("First, a corporation constitutes a person for the purposes of determining whether federal officer removal jurisdiction exists.").

17. ***Second***, Simply Healthcare satisfies the "acting under" requirement of the federal officer removal statute. A defendant is "acting under the direction of a federal agency" where the state lawsuit is based on acts that "were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations." *Id*. at 1391 (quoting *McMahon*, 410 F. Supp. 2d at 1196); "The words 'acting under' are broad, and [the Supreme] Court has made clear that the statute must be 'liberally construed.'" *Watson*, 551 U.S. at 147 (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)).

18. CMS is responsible for administering the Medicare and Medicaid programs. *See* 42 U.S.C. §§ 1395-1395ccc; *see also Heckler v. Ringer*, 466 U.S. 602, 605 (1984); *Body & Mind Acupuncture v. Humana Health Plan, Inc.*, No. 1:16-CV-00211, 2017 WL 653270, at *2 (N.D. W. Va. Feb. 16, 2017). CMS delegates, in part, the administration of Medicare benefits, including those provided through Medicare Advantage plans (*i.e.*, Part C of the Medicare Act) through contracts with private entities ("Medicare Advantage organizations" or "MAOs"), like Simply Healthcare. *See* 42 U.S.C. § 1395w-27; 42 C.F.R. § 421.5; *see also Body & Mind Acupuncture*, 2017 WL 653270, at *2, *5 ("The Court finds that this responsibility is more akin to a delegation of CMS administrative obligations than a regulation of otherwise private insurance.").

19. The United States District Court for the Southern District of Florida has recognized that MAOs are persons acting under the direction of a federal agency (CMS) and therefore meet the second prong of the federal officer removal statute. *See, e.g.*, *Assocs. Rehab. Recovery*, 76 F. Supp. 3d at 1391; *Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1268, 1270 (S.D. Fla. 2014); *see also Body & Mind Acupuncture*, 2017 WL 653270, at *5 (collecting cases in various jurisdictions). As in *Assocs. Rehab. Recovery*, Simply Healthcare contracts with CMS to administer Medicare and Medicaid benefits on behalf of the federal government. Simply

Healthcare operates pursuant to its contract with the federal agency and subject to comprehensive regulations promulgated by the agency, and fulfills obligations that the federal government would otherwise need to perform, *see, e.g.*, *Body & Mind Acupuncture*, 2017 WL 653270, at *5 ("Absent MAOs such as [Simply Healthcare], CMS would be obligated to administer Medicare benefits through Parts A and B to those individuals who currently elect Part C coverage."). In addition, CMS has promulgated Medicare Advantage regulations that require Simply Healthcare and all other Medicare Advantage plans to ensure that each contracted physician group that accepts "substantial financial risk" carries stop loss protection in accordance with federal law. *See* 42 C.F.R. § 422.208. Indeed, the Parties' contract expressly requires that the parties "agree at all times to comply with the requirements and limitations contained in 42 CFR 417.479, 42 CFR 438.6(h), 42 CFR 422.208 and 42 CFR 422.210." ECF No. 1-2, at p. 58. The contract's stop-loss provisions expressly require compliance with 42 CFR 422.208. ECF No. 1-2, at p. 64. Simply Healthcare was acting under CMS's regulatory directions when it required Plaintiff to carry the required stop loss protection that is the subject of much of Plaintiff's Complaint, and litigation of Plaintiff's claim for breach of contract will require interpretation of these federal mandates that govern the parties' relationship. Accordingly, Simply Healthcare satisfies the second requirements of the federal officer removal statute as it was acting under the direction of a federal agency and pursuant to the rules and regulations promulgated by CMS at all times alleged in the Complaint. *Cf. Einhorn*, 43 F. Supp. 3d at 1270.

20.     ***Third***, Simply Healthcare satisfies the "causal connection" requirement of the federal officer removal statute. "Government contractors fall within the terms of the federal officer removal statute, at least when the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision." *Watson*, 551 U.S. at 153. A dispute regarding the "causal connection" requirement is best resolved by federal,

not state, courts. *Magnin*, 91 F.3d at 1428. A defendant satisfies this requirement when it acts "pursuant to its authority and obligations under federal law." *Assocs. Rehab. Recovery*, 76 F. Supp. 3d at 1391; *see also Body & Mind Acupuncture*, 2017 WL 653270, at *6 ("This is a low standard under which the defendant 'must demonstrate that the acts for which [it is] being sued . . . occurred <u>because of</u> what [it was] asked to do by the Government'" or "'<u>while</u>'" the defendant was "performing its official duties.'") (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137–38 (2d Cir. 2008)) (emphasis in original). "A defendant therefore need not show that the challenged action was the action under federal control" but rather that it committed the alleged act in the course of performing such activity. *Body & Mind Acupuncture*, 2017 WL 653270, at *6. Because Plaintiff's "claims are intertwined with [Simply Healthcare's] obligations pursuant to regulations that govern its role in administering Part C Medicare claims . . . the causal nexus requirement has been met." *Hepstall v. Humana Health Plan, Inc.*, No. 18-CV-0163, 2018 WL 4677871, at *5 (S.D. Ala. July 3, 2018).

21.     ***Fourth***, Simply Healthcare satisfies the requirement to have a colorable federal defense. "Because a core purpose of the statute is to let the validity of the federal defense be tried in federal court, a defendant seeking removal need not virtually win his case, nor must his defense even be clearly sustainable on the facts." *Cuomo v. Crane Co.*, 771 F.3d 113, 115–16 (2d Cir. 2014); *see also Caver v. Central Ala. Elec. Coop.*, 845 F.3d 1135, 1145 (11th Cir. 2017) ("The colorable federal 'defense need only be plausible; its ultimate validity is not to be determined at the time of removal.'") (quoting *Magnin*, 91 F.3d at 1427); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("The defendant need not prove that he will actually prevail on his federal [] defense in order to obtain removal."). Rather, the removal statute is designed to give a defendant "the opportunity to present their version of the facts to a federal, not a state, court." *Willingham*, 395 U.S. at 409.

22. Here, Simply Healthcare has a colorable federal defense because the applicable federal regulations required Simply Healthcare to ensure that Plaintiff purchased stop loss protection, and Plaintiff's Complaint asserts claims that are contrary to federal law. Therefore, Simply Healthcare satisfies the fourth element for federal officer removal because Simply Healthcare has a colorable federal defense to Plaintiff's claims.

23. For all of the foregoing reasons, Plaintiff's action is properly removed to this Court under the federal officer removal statute. Federal officer removal jurisdiction is appropriate in this case.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

24. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of Simply Healthcare's receipt of the Summons and Complaint.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers served upon Simply Healthcare are attached hereto as Exhibit A.

26. A copy of this Notice will be filed with the State Court.

27. Simply Healthcare will serve this Notice of Removal on Plaintiff's counsel, Patrick Dempsey and Leon Hirzel, Hirzel Dreyfuss & Dempsey, PLLC, 2333 Brickell Avenue, Suite A-1, Miami, Florida 33129.

28. By filing this Notice of Removal, Simply Healthcare does not waive any defenses that may be available to it.

WHEREFORE, Simply Healthcare respectfully gives notice that this action has been removed from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

| | |
|---|---|
| Dated: July 17, 2020 | Respectfully submitted,<br><br>HOGAN LOVELLS US LLP<br>600 Brickell Avenue<br>Suite 2700<br>Miami, Florida  33131<br>Telephone:     (305) 459-6500<br>Facsimile:     (305) 459-6550<br><br>By:  /s/Craig H. Smith<br>Craig H. Smith, Esq.<br>Florida Bar No. 96598<br>Florida Board Certified – Health Law<br>craig.smith@hoganlovells.com<br>James L. VanLandingham, Esq.<br>Florida Bar No. 106761<br>James.vanlandingham@hoganlovells.com<br><br>*Counsel for Defendant Simply Healthcare Plans, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2020, the foregoing was filed with the Clerk of Court using CM/ECF and a true and correct copy was served by electronic mail on the following counsel of record:

Patrick Dempsey, Esq.
Dempsey@hddlawfirm.com
Leon F. Hirzel, Esq.
hirzel@hddlawfirm.com
Hirzel Dreyfuss & Dempsey, PLLC
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129

By:  /s/Craig H. Smith