UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 20-cv-22967-BLOOM

OPTIMUS MSO II INC.,

    Plaintiff,

vs.

SIMPLY HEALTHCARE PLANS, INC.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    Plaintiff, OPTIMUS MSO II INC. ("Plaintiff"), by and through undersigned counsel, hereby files this RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (the "Response") and in support thereof states as follows:[1]

**STANDARD OF REVIEW**

    A "motion to dismiss tests whether a plaintiff has alleged a good cause of action in his or her complaint." *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000). "The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Chaires v. N. Florida Nat. Bank*, 432 So. 2d 183, 184 (Fla. 1st DCA 1983). The Federal Rules provide that a complaint must only contain a statement calculated to give the defendant fair notice of the plaintiff's claim and the grounds upon which

---

[1] Plaintiff does not waive, and indeed expressly retains, the right to seek to remand the present action to the Circuit Courts of the State of Florida on grounds that federal subject matter jurisdiction is lacking. Specifically, Defendant has not actually allegedy any defenses to the present action that would allow for Defendant to seek removal as a "Federal Officer" pursuant to 28 U.S.C. § 1442(a)(1). On the contrary, Defendant has merely sought a dismissal without presenting any affirmative defenses. To the extent Defendant does not ultimately have any defenses as a "Federal Officer," this matter will ultimately have to be remanded for want of subject matter jurisdiction.

it rests. *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("We have observed that the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low.'")

Under Florida law, "[a] motion to dismiss under rule 1.140(b) tests whether the plaintiff has stated a cause of action, not whether the plaintiff will prevail at trial." *Lonestar Alternative Solution, Inc. v. Leview-Boymelgreen Soleil Developers, LLC*, 2009 WL 1457029, *2 (Fla. 3d DCA May 27, 2009) (*citing Meadows Cmty. Ass'n v. Russell- Tutty*, 928 So.2d 1276, 1280 (Fla. 2d DCA 2006)).[2]

In ruling on a motion to dismiss, the Court must confine itself strictly to the allegations within the four corners of the complaint. *See Biscayne Investment Group, Ltd. v. Guarantee Management Servs.*, 903 So. 2d 251, 253 (Fla. 3d DCA 2005); *Kest v. Nathanson*, 216 So. 2d 233, 235 (Fla. 4th DCA 1968); *Pizzi v. Central Bank and Trust Co.*, 250 So. 2d 895, 897 (Fla. 1971); *Airport Sign Corp. v. Dade County*, 400 So.2d 828 (Fla. 3d DCA 1981).

The Court must accept the allegations in the complaint as true. *Nero v. Continental Country Club R.O., Inc.*, 979 So. 2d 263, 267 (Fla. 5th DCA 2007); *see also Popwell v. Abel*, 226 So.2d 418, 420 (Fla. 4th DCA 1969). All reasonable inferences arising out of the allegations must be construed in favor of the plaintiff. *Simon v. Tampa Elec. Co.*, 202 So. 2d 209, 211 (Fla. 2d DCA 1967).

---

[2] The standard applicable to a Court's consideration of a motion to dismiss is well settled: "The trial court is bound by the four corners of the complaint and attachments, and all ambiguities and inferences drawn from 'the recitals in the complaint, together with the exhibits attached,' must be construed in the light most favorable to the plaintiff." *Lonestar Alternative Solution, Inc. v. Leview-Boymelgreen Soleil Developers, LLC*, 10 So.3d 1169, 1172 (Fla. 3d DCA 2009), *quoting*, in part, *Vienneau v. Metro. Life Ins. Co.*, 548 So. 2d 856, 858 (Fla. 4th DCA 1989); *United Auto. Ins. Co. v. Law Offices of Michael I. Libman*, 46 So.3d 1101 (Fla. 3d DCA 2010).

**LEGAL ARGUMENT**

Defendant's Motion to Dismiss Counts II, III, IV, and V should be denied entirely for the reasons set forth herein below.

I. **DEFENDANT'S MOTION TO DISMISS COUNT II FOR AN "ACCOUNTING" SHOULD BE DENIED.**

Defendant's Motion to Dismiss argues that Count II, which seeks an "Accounting," should be dismissed because "Count II is an equitable claim that is not available to Plaintiff and thus fails to state a claim." *See* Motion to Dismiss at 3. Defendant's arguments misconstrue the law regarding actions for an "Accounting" and the Motion to Dismiss should therefore be denied.

Much of Defendant's argument regarding the action for an "Accounting" is premised upon the decision of *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301 (11th Cir. 2014)). *See* Motion to Dismiss at 4. Contrary to the erroneous conclusions within the Motion to Dismiss, an action for an "Accounting" is properly alleged and a dismissal would be improper.

"An accounting is grounded in equity and best understood as a remedy for a cause of action, not as a cause of action in its own right." *Cox Television Jacksonville, LLC v. Florida Cable, Inc.*, 5:16-CV-6-OC-32PRL, 2016 WL 11578269, at *6 (M.D. Fla. July 13, 2016)[3] (*citing Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1310 n.21 (11th Cir. 2014)). To survive a Motion to Dismiss, Plaintiff need merely allege (i) ultimate facts showing a basis for a "complicated transaction" and (ii) that there may be an "inadequate remedy at law." *Id.*

---

[3] Under Florida law, to be entitled to an equitable accounting "a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship. *Id.* at 1311. In other words, "there can be grounds for an equitable accounting where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." *Trenton Int'l, Ltd. v. Trenton Int'l, Inc.*, No. 2:05XCV581 FTM29SPC, 2006 WL 3201869, at *4 (M.D. Fla. 2006) (*quoting Chiron c. Isram Wholesale Tours and Travel Ltd.*, 519 So. 2d 1102, 1103 (Fla. Dist. Ct. App. 1988)).

3

a. COMPLEXITY OF THE TRANSACTIONS

As to complexity, transactions are deemed "sufficiently complicated to warrant an equitable accounting when a jury would not be reasonably able, based on the time and effort required, to assess the evidence and reach an accurate value of the amount owed." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 614CV307ORL40GJK, 2015 WL 9269413, at *9 (M.D. Fla. Dec. 21, 2015) (*citing Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1279–81 (S.D. Fla. 2010) ). "[T]he determination of whether a series of transactions is sufficiently complex to warrant equitable accounting is *fact specific*." *Traditions Senior Mgmt., Inc. v. United Health Adm'rs, Inc.*, No. 8:12-CV-2321-T-30MAP, 2013 WL 3285419, at *5 (M.D. Fla. 2013) (*citing Managed Care Solutions, Inc.*, 694 F. Supp. 2d at 1281).

It is clear from the Complaint that the transactions at issue in this litigation are highly complex. Defendant does not even attempt to argue that such transactions are not highly complex in nature, as such an argument would be absurd. In any event, the "complexity" of the transactions is not subject to a motion to dismiss because the issue of "complexity" is inherently "fact specific." *See Traditions Senior Mgmt.*, 2013 WL 3285419, at *5.

b. INADEQUATE REMEDY AT LAW

As to the issue of "the adequacy of the remedy," when a "breach of contract claim does not—***as a practical matter***—provide an adequate remedy at law, an equitable accounting is warranted." *See Zaki Kulaibee Establishment*, 771 F.3d at 1315 (finding an equitable accounting warranted where it was necessary to prove the damages element of a breach of contract claim); *see also Cox Television Jacksonville, LLC v. Florida Cable, Inc.*, 5:16-CV-6-OC-32PRL, 2016 WL 11578269, at *6 (M.D. Fla. July 13, 2016) (finding same).

The adequacy of the remedy at law, in the context of the current action for an "Accounting," is therefore subject to a factual dispute that does not lend itself to a dismissal

4

as a matter of law. *See Novak v. Ackley, Ackley & Wise, D.M.D.'s, P.A.*, No. 8:06-CV-1673-T-27, 2006 WL 3313852, at *2 (M.D. Fla. 2006) (denying a motion to dismiss an accounting claim and stating "[a]t this stage of the litigation, the [c]ourt is not able to conclude that it appears beyond doubt that [p]laintiff can prove no set of facts in support of his claim"); see *also Cox Television Jacksonville*, 2016 WL 11578269, at *7 (M.D. Fla. July 13, 2016) (denying a motion to dismiss action for an "Accounting" for precisely the same reason). Thus, the adequacy of the remedy at law in the instant case is a factual matter and is not subject to dismissal.

For the foregoing reasons, Defendant's Motion to Dismiss as to Count II should be denied entirely.

## II.     DEFENDANT'S MOTION TO DISMISS COUNT III FOR "FRAUD" SHOULD BE DENIED.

Defendant's Motion to Dismiss argues that Count III, an action for "Fraud," should be dismissed because "Count III fails to state a claim because it is not pleaded with sufficient particularity under Rule 9(b)." *See* Motion to Dismiss at 5. Plaintiff has adequately alleged an action for fraud and, as a result, the Motion to Dismiss should be denied with respect to Count III.

In order to state a cause of action for fraud in the inducement, a plaintiff must allege that 1) the representor made a misrepresentation of a material fact, 2) the representor knew or should have known of the falsity of the statement, 3) the representor intended that the representation would induce another to rely and act on it, and 4) the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Group, Ltd. v. Guarantee Management Services, Inc.*, 903 So. 2d 251(Fla. 3rd DCA 2005). If the fraud occurs in connection with misrepresentations, statements or omissions which cause a party to enter

5

into a transaction, then such fraud is fraud in the inducement and survives as an independent tort. *Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. 4th DCA 2000).

Contrary to the conclusory assertions within the Motion to Dismiss, specific instances of "fraud" are alleged throughout the Complaint. *See* Complaint at ¶¶ 24-32, 45-48, 54-60. In particular, the Complaint alleges specifically that Defendant defrauded Plaintiff with respect to premiums for "Medicare "Stop- Loss" protection for the first thousand (1,000) of Optimus' 'members.'" *Id*. at ¶ 24.

Plaintiff has therefore adequately alleged a cause of action for "fraud" against Defendant. Defendant may attempt to deny Plaintiff's allegations as to Defendant's fraudulent conduct, but Defendant is not entitled to a dismissal of Count III.

### III.   DEFENDANT'S MOTION TO DISMISS COUNT IV FOR "VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT" SHOULD BE DENIED.

Defendant's Motion to Dismiss argues that Count IV, an action for "Violation Of Florida's Deceptive and Unfair Trade Practices Act," should be dismissed because "Count IV fails to state a claim because the Complaint has not adequately asserted facts showing consumer injury or detriment." *See* Motion to Dismiss at 8. Plaintiff has adequately alleged an action for violation of Florida's Deceptive and Unfair Trade Practices Act and, as a result, the Motion to Dismiss should be denied with respect to Count IV.

Defendant's argument in support of its Motion to Dismiss amounts to a blind assertion that "Count IV does not assert any facts showing consumer injury or detriment; instead, it merely alleges in a conclusory fashion that Plaintiff is a 'consumer' under the expanded statutory definition." *See* Motion to Dismiss at 10. However, Defendant's focus upon the term "consumer" in the Motion to Dismiss is erroneous under current applicable law.

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade of commerce." §

6

501.204(1), Fla. Stat. The purpose of the act is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2).

The term "trade or commerce" is defined to mean the "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." § 501.203(8). To achieve its goal of protecting consumers and businesses from unfair, unconscionable, or deceptive acts or practices, FDUTPA must be "construed liberally." § 501.202.

Prior to 2001, FDUTPA provided, in part, as follows:

> In any individual action *brought by a consumer* who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105 . . ..

§ 501.211(2), Fla. Stat. (2000) (emphasis added).

After the 2001 amendment to section 501.211(2), the statute now reads as follows:

> In any action *brought by a person* who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105 . . ..

§ 501.211(2), Fla. Stat. (2001) (emphasis added).

The amendment specifically changed who could bring an action from "a consumer" to "a person." Additionally, during the same session, the Legislature also amended section 501.203(7), Florida Statutes, to change the definition of "consumer" to include a "business" and "commercial entity." Compare § 501.203(7), Fla. Stat. (2000) ("'Consumer' means an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other

7

group or combination."), with § 501.203(7), Fla. Stat. (2001) ("'Consumer' means an individual; child, by and through its parent or legal guardian; *business; firm*; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination.") (emphasis added).

This Court has considered the change in language and has concluded that the 2001 amendments broadened the scope of FDUTPA such that non-consumers may maintain actions under the act. Analyzing the different lines of cases on the issues, this Court in *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp.2d 1356, 1373 (S.D. Fla. 2010) concluded as follows:

> Applying a liberal construction to § 501.211(2), as we are compelled to do when construing the provisions of FDUTPA, see § 501.202, we see no reason not to conclude that replacing the term "consumer" with "person" served to broaden the reach of the statute so that more than just consumers could avail themselves of the protection of this statute. We agree with the line of cases that so hold as a matter of standing to sue. Concluding that a non-consumer may maintain an action for damages under FDUTPA, we find that the Palmer Law Firm is not entitled to summary judgment merely because Plaintiffs are non-consumers.

The Kelly decision was subsequently considered by the Florida Fourth District Court of Appeal when confronted with the issue in *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Bach County, Inc.*, 169 So. 3d 164 (Fla. 4th DCA 2015). In that decision, the Fourth District considered the 2001 amendment to FDUTPA, the reasoning employed in *Kelly*, and concluded that the legislative change from "consumer" to "person" broadened the scope of FDUTPA such that the act is no longer intended to apply only to traditional conceptions of "consumers." 169 So. 3d at 169; *see also BPI Sports, LLC v. Labdoor, Inc.*, 2016 WL 739652 (S.D. Fla. Feb. 25, 2016) (concluding that FDUTPA is not limited to cases

8

where the plaintiff is a traditional consumer or which involved a traditional consumer transaction).[4]

Considering that this Court's role is to determine what position Florida courts would take on the issue, *see Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and considering that the Fourth District Court of Appeal has squarely addressed the issue, the analysis should end there.

As a result, Plaintiff has adequately stated a cause of action under Florida's Deceptive and Unfair Trade Practices Act. Defendant erroneously relies upon outdated law in its interpretation of the coverage of the Act, particularly with respect to the term "consumer." As a result, the Motion to Dismiss should be denied with respect to Count IV.

## IV. DEFENDANT'S MOTION TO DISMISS COUNT V FOR "TORTIOUS INTERFERENCE" SHOULD BE DENIED.

Defendant's Motion to Dismiss argues that Count V, an action for "Tortious Interference," should be dismissed because "Count V fails to state a claim because the Complaint lacks factual support for the essential elements of a tortious interference cause of action." *See* Motion to Dismiss at 10-11. Plaintiff has adequately alleged an action for Tortious Interference and, as a result, the Motion to Dismiss should be denied with respect to Count V.

---

[4] FDUTPA has been routinely applied by the courts in Florida (state and federal) to disputes involving business-to-business dealings that do not involve purely "consumer" transactions in the traditional sense of the word.. *See, e.g., Creative American Education, LLC v. The Learning Experience Systems, LLC*, 2015 WL 2218847 (S.D. Fla. May 11, 2015) (allowing a FDUTPA claim based on a franchisor's actions in connection with the management of the franchise); *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069 (5th DCA 2008) (allowing a FDUTPA claim against a business and its principals for failing to provide disclosures as required by the Federal Trade Commission); *Copans Motors, Inc. v. Porsche Cars North America, Inc.*, 2014 WL 2612308, at *6 (S.D. Fla. June 11, 2014) (allowing a FDUTPA claim against a distributor alleged to have made misrepresentations to a dealer, and further noting that whether an act is "unfair or deceptive is a question for the fact finder").

The Motion to Dismiss argues, via purported examples that are misleading at best, that Plaintiff has not alleged sufficient ultimate facts to support a claim for tortious interference. This is simply untrue based on the four corners of the Complaint.

Plaintiff's Complaint clearly alleges ultimate facts regarding tortious interference with respect to Plaintiff's MSO "members." See Complaint at ¶¶ 78-80, 83-87 (wherein Plaintiff alleges how Defendant tortious interfered with Plaintiff's MSO "members"). Plaintiff is not obligated to plead tortious interference with particularity; Defendant can take appropriate discovery if it wishes to obtain more information/documents that support Plaintiff's claim.

Plaintiff's Complaint adequately alleges ultimate facts to support a claim for tortious interference. Defendant may deny such allegations, but Defendant is not entitled to a dismissal as a matter of law. As a result, the Motion to Dismiss should be denied with respect to Count V.

**WHEREFORE**, Plaintiff, OPTIMUS MSO II INC., respectfully requests that this Court enter an Order (i) denying Defendant's Motion to Dismiss as to Count II; (ii) denying Defendant's Motion to Dismiss as to Count III; (iii) denying Defendant's Motion to Dismiss as to Count IV; (iv) denying Defendant's Motion to Dismiss as to Count V; and (v) granting such other relief as is just and proper.

Dated: August 19, 2020.                     Respectfully submitted,

                                                  **HIRZEL DREYFUSS & DEMPSEY PLLC**
*Counsel for Plaintiff*
2333 Brickell Ave, Suite A-1
Miami, Florida 33129-2497
Telephone: (305) 615-1617

By: /s/ *Patrick G. Dempsey*
      **LEON F. HIRZEL**
      Florida Bar No. 085966
      hirzel@hddlawfirm.com
     **PATRICK G. DEMPSEY**
     Florida Bar No. 27676
     dempsey@hddlawfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice on this 19th day of August, 2020.

By: /s/ *Patrick G. Dempsey*
    **PATRICK DEMPSEY**